UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JEAN PUGIN,

                Petitioner,

       - against -

WILLIAM BARR, Attorney General of the
United States,

                Respondent.
-------------------------------------------------------x

**TRANSFER ORDER**
20-CV-2825 (PKC)

PAMELA K. CHEN, United States District Judge:

On June 22, 2020, Petitioner Jean Pugin, who is presently incarcerated at the Stewart Detention Center in Lumpkin, Georgia, filed the instant *pro se* motion seeking his immediate release from detention. (*See* Petition ("Pet."), Dkt. 1.) Petitioner alleges that he was incarcerated in Virginia following a conviction for a misdemeanor and that, in August 2019, he was transferred to an Immigration and Customs Enforcement ("ICE") detention facility in Georgia. (*Id.* at ECF[1] 2.) Petitioner now alleges that he is at high risk of contracting COVID-19. (*Id.*) For the reasons set forth below, the Court construes Petitioner's motion as a petition for *habeas corpus* and transfers this action to the United States District Court for the Northern District of Georgia.

## DISCUSSION

The Court liberally construes Petitioner's request as a petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2241. In order to entertain a *habeas* petition under § 2241, a court must have jurisdiction over the petitioner's custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) ("[T]he proper respondent to a habeas petition is 'the person who has custody over [the

---

[1] Citations to ECF refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

1

petitioner].'" (second alteration in original) (quoting 28 U.S.C. § 2242)); *see also Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494–95 (1973). Therefore, venue for a *habeas* petition under § 2241 that challenges a petitioner's physical confinement generally lies in the district of his confinement. *Rumsfeld*, 542 U.S. at 441–42; *United States v. Needham*, No. 06-CR-911, 2020 WL 2512105, at *2 (S.D.N.Y. May 15, 2020). Because Petitioner is in the custody of the Warden of Stewart Detention Center, located in Lumpkin, Georgia, venue properly lies in the Northern District of Georgia, and transfer of this action is appropriate. *See* 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of Georgia. *See* 28 U.S.C. §§ 1391(b), 1404(a). The Court waives that provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a seven-day delay before effectuating transfer of a case to the transferee court. The Court notes that Petitioner has failed to file a request to proceed *in forma pauperis*.

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: June 26, 2020
       Brooklyn, New York